UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:20-cv-20078-RNS**

MARIA DOLORES CANTO MARTI, as
personal representative of the Estates of
Dolores Marti Mercade and Fernando Canto
Bory,

      Plaintiff,

v.

IBEROSTAR HOTELES Y
APARTAMENTOS, S.L., a Spanish limited
liability company,

      Defendant.

_____/

## **DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Defendant IBEROSTAR HOTELES Y APARTAMENTOS, S.L.U. ("Iberostar") submits
this Motion to Stay Proceedings in the above-titled action until Defendant obtains authorization
from the European Commission to answer or otherwise move to dismiss the Complaint but no
longer than 75 days. In support, Defendant states as follows:

### I.    PRELIMINARY STATEMENT

1.    Iberostar is caught between the conflicting demands of two legal systems: that of
the United States and that of the European Union ("EU"). On the one hand, Iberostar must respond
to Plaintiff's Complaint by May 8, 2020. On the other hand, the European Commission requires
an EU-based company to obtain authorization before it can file a response to any lawsuit brought
under the Cuban Liberty and Democratic Solidarity (Libertad) Act (the "Helms-Burton Act" or the
"Act"). This requirement arises from the EU blocking statute enacted to counteract the effects of

the Helm-Burton Act, expressly prohibiting a Spanish entity such as Iberostar[1] from complying "whether directly or through a subsidiary or other intermediary person, actively or by deliberate omission, with any requirement or prohibition, including requests of foreign courts, based on or resulting, directly or indirectly, from the laws specified in the Annex [which expressly includes the Act] or from actions based thereon or resulting therefrom." *See* Council Regulation 2271/96, *Protecting Against the Effects of the Extra-Territorial Application of Legislation Adopted by a Third Country, and Actions Based Thereon or Resulting Therefrom*, 1996 O.J. (L 309) 1 (EC) (the "Council Regulation 2271/96") attached as **Exhibit A**.

2.      On April 15, 2020, Iberostar filed an application for authorization from the European Commission to respond to the Complaint in this action. *See* **Exhibit B**.[2] Iberostar has also requested the expedited consideration of its application to the European Commission. Iberostar does not know how long it will take to obtain a response to its application given that the applicable European legislation establishes no specific deadline for the European Commission to answer the request. Iberostar will be prepared to respond promptly after it receives a response on or after May 8, 2020.  To avoid a protracted delay, this request for a stay is limited to no more than 75 days.

3.      Should Iberostar ignore the European Commission's mandate and actively participate in this action without the Commission's authorization, each breach would be subject to a penalty of up to EUR 600,000 by the Spanish government pursuant to Spanish Law 27/1998, of July 13, *on Sanctions Applicable to Infringements of the Rules Established in Council Regulation*

---

[1] Iberostar is a company incorporated under the laws of Spain with its domicile in Palma de Mallorca, Spain.
[2] A Declaration of Iberostar's Spanish counsel, Hermenegildo Altozano, attached hereto as **Exhibit B**, attests to the filing of the application on April 15, 2020, and the request for expedited processing by the European Commission.

*2271/96* ("Law 27/1998"). *See* Law 27/1998, art. 5. The potential for sanctions is elevated given the Spanish government's overt repudiation of Title III of the Act.[3]

4.       However, if Iberostar fails to timely respond to the Complaint, it risks the possibility of not only waiving certain Rule 12(b) defenses, but also the potential entry of a default judgment pursuant to Fed. R. Civ. P. 55.

5.       Therefore, as it awaits a response from the European Commission on its application, Iberostar respectfully requests a brief stay of proceedings based on the principle of international comity that counsels recognition and accommodation by U.S. courts of a foreign jurisdiction's interests in a matter involving its nationals. A temporary stay will also conserve the parties' and the Court's scarce judicial resources. If the motion is granted, Iberostar will provide status reports on the progress of its application every thirty (30) days, or as otherwise directed by the Court. Iberostar further warrants that it will continue to press for an expeditious disposition of its pending application before the European Commission. To that end, Iberostar has already asked the Secretariat of State for Commerce of the Kingdom of Spain to bring to the attention of the European Commission the need to timely address the request for authorization filed by Iberostar.

## II.    FACTUAL BACKGROUND

6.       On January 8, 2020, Plaintiff filed this action against Iberostar, asserting a claim under the Helms-Burton Act. Until May 2, 2019, the Act had been suspended by every presidential administration since the legislation was enacted in 1996, largely to reduce the potential for reprisals

---

[3] Government of Spain, Ministry of Foreign Affairs, European Union and Cooperation. "Spain rejects U.S. announcement of implementation of Title III of the Helms-Burton Act." Official Statement 072 (Apr. 17, 2019), *http://www.exteriores.gob.es/Portal/en/SalaDePrensa/Comunicados/Paginas/2019_COMUNICADOS/20190417_C OMU072.aspx* (last visited Apr. 17, 2020). In addition, Spain's Minister of Industry, Commerce and Tourism added, "[a]s long as there are measures by the United States that threaten the interests of Spanish companies, the government will support the Spanish companies." *Madrid to Back Spanish Firms Operating in Cuba Against U.S. Lawsuits*, EFE, May 7, 2019, *https://www.efe.com/efe/english/world/madrid-to-back-spanish-firms-operating-in-cuba-against-us-lawsuits/50000262-3969592* (last visited Apr. 17, 2020).

by United States' allies that continue to conduct business with Cuba. *See generally* Compl., ECF No. 1. Plaintiff appears as personal representative of the Estates of Dolores Martí Mercadé and Fernando Canto Bory. *Id.*, ¶ 2. Plaintiff alleges that Iberostar knowingly and intentionally traffics in confiscated property in Cuba in violation of the Act. *Id.*, ¶¶ 34, 40, 42, 57, 62.

7.      On March 19, 2020, a DHL package containing a copy of the Complaint and a Summons was delivered to Iberostar at a corporate office in Palma de Mallorca, Spain. It was not addressed to any specific individual.  The service of process was invalid.

8.      On April 7, 2020, Iberostar filed a Motion for Enlargement of Time to Respond to Plaintiff's Complaint (ECF No. 10), which sought an extension until July 8, 2020, to respond to the Complaint. As support for the motion, Iberostar asserted that it was "in the midst of an unprecedented crisis" due to the coronavirus pandemic and that the instant action implicated complex issues of European law, namely the application of Council Regulation 2271/96. *Id.*, ¶¶ 34, 40.

9.      Pursuant to the Court's April 8, 2020 paperless order granting in part and denying in part Iberostar's Motion for Enlargement of Time to Respond to the Complaint (ECF No. 13), Iberostar's response is currently due on or before May 8, 2020. Thus, the time to answer, respond or otherwise move has not yet expired.

10.     This motion is not made for the purpose of delay and Plaintiff will not be seriously prejudiced by the grant of the requested stay. Iberostar wishes to see this action dealt with early and dispositively and has a strong and compelling basis upon which to seek dismissal for, among other things, insufficient service of process and lack of personal jurisdiction.[4]

---

[4] A motion to stay is neither a responsive pleading nor a motion brought under Fed. R. Civ. P. 12, and thus does not operate as a waiver of the defense of lack of personal jurisdiction. *See Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (2009). Iberostar reserves all its rights and will move to dismiss based on its Rule 12 defenses.

### III.    LEGAL FRAMEWORK

11.    International comity concerns arise in this case from Europe's long-standing opposition to the extraterritoriality of the Helms-Burton Act. *See Odebrecht Const., Inc. v. Prasad*, 876 F. Supp. 2d 1305, 1311–12 (S.D. Fla. 2012) (recognizing that "[t]he passage of the Libertad Act caused an international uproar among United States' allies due to the extraterritorial reach of Title III"); *see also United States v. Brodie*, 403 F.3d 123, 129 (3d Cir. 2005) ("Numerous countries, including the European Union, Canada and Mexico, reacted to the strengthening of the American Cuban embargo, and its purported application to American subsidiaries abroad, by enacting countermeasures."). Brussels and Madrid have historically maintained a policy of economic engagement to bring about political reform in Cuba as evidenced by investment and trade agreements between the EU, Spain and Cuba. In contrast, the U.S., except during the Obama Administration, has pursued a policy of economic isolation to motivate political reform on the Island.  These differences resulted in the imposition of restrictions on European companies such as Iberostar.

12.    In November 1996, the EU responded to the U.S. congressional approval of the Helms-Burton Act by promulgating the Council Regulation 2271/96, a "blocking regulation" which asserts that the EU as a matter of sovereignty does not recognize the extraterritorial application of the Helms-Burton Act to European entities. *See generally* Council Regulation.

13.    Furthermore, Article 5 of the Council Regulation 2271/96 expressly prohibits EU member state corporations, such as Iberostar, from complying with "any requirement or prohibition, including requests of foreign courts, based on or resulting, directly or indirectly, from the laws specified in the Annex [the Helms-Burton Act] or from actions based thereon or resulting therefrom." *Id.*, art. 5.

14.     An EU member state corporation's failure to comply with Article 5's requirements may result in sanctions by its home country. *See id.*, Art. 9 ("Each Member State shall determine the sanctions to be imposed in the event of breach of any relevant provisions of this Regulation. Such sanctions must be effective, proportional and dissuasive.").

15.     On July 13, 1998, the Spanish Congress passed Spanish Law 27/1998.  Article 3 of Spanish Law 27/1998 provides that no European entity "will respect, directly or through a subsidiary or intermediary, actively or by deliberate omission, the requirements or prohibitions, including the requirements of foreign courts, based on the Legislative texts that are listed in the annex to Regulation (EC) number 2271/96 [which includes the Act], or derived from them directly or indirectly, or in actions based on or derived from them."   A violation of this prohibition constitutes a serious infraction, which may result in fines imposed on Iberostar for up to EUR 600,000 for each breach.  *Id.*, Arts. 3 and 5.

16.     As a means of providing an alternative to punitive measures, Article 5 of the Council Regulation 2271/96 provides that member state corporations "may be authorized, in accordance with the procedures provided in Articles 7 and 8 to comply fully or partially to the extent non-compliance would seriously damage their interests or those of the Community." *Id.*, art. 5 ¶ 2.

17.     To facilitate this authorization process, the European Commission promulgated the Commission Implementing Regulation (EU) 2018/1101, of 3 August 2018, *Laying Down the Criteria for Application of the Second Paragraph of Article 5 of Council Regulation (EC) No 2271/96 Protecting against the Effects of the Extra-territorial Application of Legislation Adopted*

*by a Third Country, and Actions Based Thereon or Resulting Therefrom. See* Implementing Regulation 2018/1101, 2018 O.J. (L 199) 1 (EC).[5]

18.     As described above, Iberostar has requested such authorization by filing a formal application with the European Commission pursuant to Implementing Regulation (EU) 2018/1101. The request is currently pending.

## IV.     APPLICABLE LEGAL STANDARD

19.     It is well established that district courts enjoy "broad authority to grant a stay." *In re Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Ultimately, whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* As the Eleventh Circuit has stated:

> a variety of circumstances may justify a district court stay pending resolution of a related case in [a foreign] court. A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court. And, in some cases, a stay might be authorized also by principles of abstention.

*Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citations omitted). Such a stay may be justified when principles of abstention, such as international comity, are implicated as long as the stay is not "immoderate." *Id.*; *see also Jones v. Cent. Loan Admin. & Reporting*, 2016 WL 4530882, at \*1 (S.D. Fla. Aug. 30, 2016) ("[S]o long as a stay is neither 'immoderate' nor indefinite, a stay is appropriate in the interest of judicial convenience.") (Scola, J.).

---

[5] An English language version of the Implementing Regulation is available at *https://eur-lex.europa.eu/legal-content/EN/TXT/PDF/?uri=CELEX:32018R1101&from=EN* (last visited April 18, 2020).

## V. ARGUMENT

20.     The Court should exercise its discretion and temporarily stay the proceedings on the principle of international comity to allow Iberostar to both defend its interests in this litigation and comply with the European regulations by which it must abide as a European entity. International comity is the recognition "which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Turner Entm't Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1519 (11th Cir. 1994) (quoting *Hilton v. Guyot*, 159 U.S. 113, 164 (1895)). By staying this proceeding on the principle of international comity for a few weeks, the Court would be allowing recognition to the mechanism in European legislation that would permit Iberostar to participate in these proceedings by obtaining an authorization to do so from the European Commission.[6] Iberostar is seeking a maximum stay of 75 days and it would respond promptly after a decision is received from the EU. The Eleventh Circuit has explained that, "[i]nternational comity serves as a guide to federal courts where 'the issues to be resolved are entangled in international relations.' " *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1237 (11th Cir. 2004) (quoting *In re Maxwell Commc'n Corp.*, 93 F.3d 1036, 1047 (2d Cir. 1996)). Iberostar is entangled between two conflicting legal systems and seeks time to receive the authorization that will let it comply with both of them.

21.     The Supreme Court has "long recognized the demands of comity in suits involving foreign states, either as parties or as *sovereigns with a coordinate interest in the litigation*." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546

---

[6] "The European Commission is the executive and administrative organ of the European Communities." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 250 (2004) (quotation omitted).

(1987) (emphasis added).[7]  The Court further cautioned that "American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." *Id.* The problem that Iberostar faces here – namely, the conflict between the European and the U.S. legal systems – is on account of Iberostar's European nationality. It is a "special problem" because Iberostar is the subject of one of the very first few lawsuits brought in the U.S. against European entities for alleged violations of the Helms-Burton Act. Due to the longstanding suspension of the Act, Europe did not have to apply the Council Regulation 2271/1996 to the Act until 2019. The European Union and the Kingdom of Spain have expressed a sovereign interest in protecting their entities from the extraterritorial application of the Act, while providing them with a mechanism to seek authorization to engage in U.S. litigation when their interests are at stake. Iberostar seeks time to exhaust the legal remedy available to it to participate in this proceeding by receiving authorization from the Commission to do so.

22.     Other courts of this Circuit have granted or enforced stays where issues of international comity were a significant factor in the courts' decisions. *See e.g.*, *Turner*, 25 F.3d at 1523 (reversing and remanding for entry of stay based on principles of international comity); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1224 (11th Cir. 1999) (concluding based on *Turner* factors that trial court should have stayed rather than dismissed underlying action); *Dash 224, LLC v. Aerovias de Integracion Reg'l Aires, S.A.*, 2014 WL 11456463, at *5 (S.D. Fla. Mar. 27, 2014),

---

[7] This Supreme Court's decision is often cited for its express rejection of a French blocking statute where the Court concluded that such "statutes do not deprive an American court of the power to order a party *subject to its jurisdiction* to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987) (emphasis added). Beyond the fact that jurisdiction was not an issue before the Court, the Court also concluded that it would "not articulate specific rules to guide this delicate task of adjudication" in all cases involving foreign blocking statutes. *Id.* at 546. Instead, the Court noted that each case involving such blocking statutes must be scrutinized on its own "particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective." *Id.* at 544.

*aff'd sub nom. Dash 224 LLC v. Aerovias de Integracion Reg'l Aires SA*, 605 F. App'x 868 (11th Cir. 2015) (granting stay where Court was "confident that sufficient progress has been made in the [foreign proceeding] to justify a stay of this matter, ensuring fairness to the litigants as well as an efficient use of judicial resources").

23.     Staying this action would not harm Plaintiff during this early stage of litigation, as her Helms-Burton Act claims remain preserved and the discovery process has yet to begin, and supports international abstention principles. *See Turner Entm't Co*., 25 F.3d at 1522 ("Ensuring the ability of the parties to fully and fairly litigate their claims . . . is a paramount goal of international abstention principles."). Further, Plaintiff is seeking monetary compensation through this litigation, rather than injunctive or other relief of a time-sensitive nature. However, denying a stay would harm Iberostar by requiring it to answer or otherwise move to dismiss the Complaint before receiving the required authorization from the European Commission to do so, thus exposing Iberostar to potential sanctions pursuant to Article 9 of Council Regulation 2271/96. *See* Council Regulation 2271/96, art. 9.

24.     The duration of the requested stay is short and subject to reasonable time limits. The estimated timetable for the European Commission to decide Iberostar's request for an authorization to defend its interests in this action is approximately ten weeks from receipt of Iberostar's April 15, 2020 application. Once the Commission either approves or declines[8] Iberostar's application, the Court can then lift the stay and Iberostar would promptly address issues raised by the Summons and Complaint in this case. Under such circumstances, a stay is therefore appropriate. *See e.g.*, *Morrissey v. Subaru of Am., Inc*., 2015 WL 4512641, at *2 (S.D. Fla. July

---

[8] If the Commission denied Iberostar's application, Iberostar would be put in the difficult position of deciding between complying with European legislation or defending its interests in this litigation. Accordingly, Iberostar seeks a brief stay to exhaust the remedies legally available to it to comply with both legal systems. If Iberostar is denied the opportunity by the European Commission, Iberostar will decide what course of action to take at that time.

24, 2015) (concluding stay was appropriate where moving party "identified the specific resolution point that will terminate the stay").

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Defendant has conferred with Plaintiff's counsel about the request to stay the proceedings in accordance with Local Rule 7.1(a)(3), and Plaintiff's counsel does not agree to the requested relief.

WHEREFORE, Defendant respectfully requests the Court for an order staying the proceedings for a period not to exceed 75 days until Defendant obtains a decision from the European Commission to answer or otherwise move to dismiss the Complaint. In any event, Defendant will notify the Court as soon as a decision has been received from the European Commission.

Filed this 23rd day of April, 2020.

Respectfully Submitted,

*Counsel for Iberostar*

HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
Email: adolfo.jimenez@hklaw.com
Email: katharine.menendez@hklaw.com

By: /s/Adolfo E. Jiménez
   Adolfo E. Jiménez
   Fla. Bar No. 869295

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 23, 2020, a true and correct copy of this MOTION FOR A STAY was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

/s/Adolfo E. Jiménez
Adolfo E. Jiménez