UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-20078-RNS

**MARIA DOLORES CANTO MARTI**, as
personal representative of the Estates of Dolores
Marti Mercade and Fernando Canto Bory,

    Plaintiff,

v.

**IBEROSTAR HOTELES Y
APARTAMENTOS S.L.**, a Spanish limited
liability company,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO LIFT STAY

Plaintiff Maria Dolores Canto Marti, as personal representative of the Estates of Dolores Martí Mercadé and Fernando Canto Bory ("**Plaintiff**"), moves this Court to lift the stay it entered on April 24, 2020 [D.E. 17] more than ninety days ago and in support states as follows:

## INTRODUCTION

On April 23, 2020, Defendant moved to stay these proceedings so that it could obtain a ruling from the European Commission on its request for an authorization to file a response to Plaintiff's Complaint. [D.E. 16]. In its filing, Defendant specifically limited the requested stay to a period of seventy-five (75) days [D.E. 16 at ¶ 2] ("To avoid a protracted delay, this request for a stay is limited to no more than 75 days."). The next day, this Court stayed these proceedings indefinitely "until the European Union *grants* Iberostar's request for authorization" and required Defendant to submit status reports every thirty days [D.E. 17] (the "Order") (emphasis added).

1

The seventy-five day period has long since expired without a ruling from the European Commission. Defendant has refused to provide Plaintiff with copies of any materials provided to the European Commission or any communications between the two and certainly has not filed any with its three status reports [D.E. 18, 19, 20]. As such, neither Plaintiff nor this Court has any ability to evaluate the efforts made or progress relating to Defendant's application. And, when asked by Plaintiff for its position on this motion, Defendant refused to agree that the stay should be lifted. Instead, Defendant "opposes lifting the stay until it gets a decision on the pending application." *See* Rule 7.1(a)(3) Certification, *infra*. Based merely on the expiration of the seventy-five day period requested by Defendant and its refusal to provide any detail on the process that is holding up these proceedings, the stay should be lifted.

Additionally, as a matter of substantive law, the stay is not warranted. Defendant's refusal to the lift the stay after the expiration of the seventy-five day period has resulted in an indefinite stay pegged to the results of a foreign proceeding, which is contrary to Eleventh Circuit precedent. Moreover, at this point, the indefinite stay is not merely tied to the receipt of a ruling from the European Commission, but is instead linked only to the granting of authorization for Defendant to proceed in this Court. Thus, Defendant has put this Court in the position of abdicating to a foreign tribunal its responsibility to exercise the jurisdiction conferred upon it by the Constitution.

## MEMORANDUM OF LAW

### I. Federal Courts Rarely Abdicate their Responsibility to Adjudicate Cases within their Jurisdiction

It is well established that "[f]ederal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them." *Turner Enter. Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994) (*citing Colorado River Water Conser. Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, when another pending judicial proceeding with concurrent

jurisdiction over the same parties exists, federal courts have abstained from exercising their jurisdiction on international comity grounds. *Turner*, 25 F.3d 1518-19.

The Supreme Court has defined comity as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation." *Hilton v. Guyot,* 159 U.S. 113, 164, 16 S. Ct. 139, 40 L. Ed. 95 (1895). "The doctrine of comity 'is not a rule of law, but one of practice, convenience, and expediency.'" *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1030 (11th Cir. 2014) (*quoting Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971). The doctrine of comity has "historically been extended to foreign proceedings in which a ***judgment has been rendered***, if it was rendered by a competent court absent fraud or prejudice to American public policy or principles." *French Cuff v. Markel Am. Ins. Co.,* No. 07-60006-CIV-LENARD/TORRES, 2007 U.S. Dist. LEXIS 115813 (S.D. Fla. May 20, 2007) (*quoting Turner Entm't Co. v. Degeto Film GmbH,* 25 F.3d 1512, 1519 (11th Cir. 1994)) (emphasis added). To put it differently, "[c]ourts will not yield to foreign proceedings, however, if deferring would 'be contrary to the policies or prejudicial to the interests of the United States.'" *Pravin Banker Assocs. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997).

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conser. Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 1247 L. Ed. 2d 483 (1976). "Abstention is rarely invoked and only under exceptional circumstances may a federal court order a stay or dismissal of an action to avoid duplicative litigation in a foreign country." *Custom Polymers PET, LLC v. Gamma Meccanica SPA,* 185 F. Supp. 3d 741 (D.S.C. 2016). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.,* 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936).

Even rarer is a prospective stay, such as the one issued here, entered where there is no judgment from a court in another country. *See GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1025 (11th Cir. 2014). Indeed, the Eleventh Circuit has noted that "the markedly more limited reach of 'prospective' international comity [is] a doctrine we have reserved for exceptional diplomatic circumstances." *Id.* at 1025 (*citing Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004)). Although both *GDG Acquisitions* and *Ungaro-Benages* dealt with dismissal of cases under comity principles, the same factors preclude a court from staying a federal court action pending the results of proceedings in another forum. *Trujillo v. Conover & Co. Communs., Inc.,* 221 F.3d 1262, 1264-65 (11th Cir. 2000) (vacating district court's stay pending resolution of foreign proceeding and noting the applicability of the factors set forth in *Turner Enter. Co. v. Degeto Film GmbH*, 25 F.3d 1512 (11th Cir. 1994) to prospective stays); *French Cuff v. Markel Am. Ins. Co.,* No. 07-60006-CIV-LENARD/TORRES, 2007 U.S. Dist. LEXIS 115813 at *9 (S.D. Fla. May 21, 2007) (denying motion to stay pending resolution of a parallel action).

## II.     Indefinite Stays Tied to the Results of a Foreign Proceeding are Improper

The United States Supreme Court has held that a court does not have the power "by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." *Landis v. N. Am. Co.,* 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936). Likewise, the Eleventh Circuit has found that a district court abused its discretion when it stayed "a case pending the resolution of related proceedings in another forum . . . ." *Trujillo,* 221 F.3d at 1264. It ruled that ". . . [T]he district court must limit properly the scope of the stay. A stay must not be 'immoderate.'" *Id.* Applying these principles, a court in this district rejected a motion to stay the federal court action pending resolution of a parallel action in a foreign country. *French Cuff v.*

*Markel Am. Ins. Co.,* No. 07-60006-CIV-LENARD/TORRES, 2007 U.S. Dist. LEXIS 115813 at *3-4 (S.D. Fla. May 21, 2007).

*Trujillo* is instructive. In that case, the district court entered an indefinite stay pending the resolution of a proceeding in the Bahamas. *Trujillo*, 221 F.3d at 1264. The district court also ordered the parties to submit status reports every three months. *Id*. The Eleventh Circuit found that the district court's decision was an abuse of discretion. *Id.* at 1265 ("The stay ordered by the district court is 'immoderate' and, therefore, an abuse of discretion."). The Eleventh Circuit explained that the term "immoderate" contains two components: (i) "the scope of the stay (including its potential duration)" and (ii) "the reasons cited by the district court for the stay." *Id.* at 1264. In vacating the stay, the Eleventh Circuit explained that "[t]he scope of the stay ordered by the district court seems indefinite. The stay, but is terms, remains in effect until the 'Bahamian Courts conclude their review.'" *Id.* The Eleventh Circuit also noted that the "[w]e can see from the district court's order no reason sufficient to justify the indefinite stay that the district court ordered." *Id.* at 1265.

**III.    Foreign Blocking Statutes are Not Given Comity by United States Courts**

Defendants have not cited any case in which a district court has entered an indefinite stay so that the defendant in suit brought under Title III of the Helms Burton Act could obtain an authorization to participate in the litigation. Indeed, they have not cited any cases in which a United States court appropriately deferred to the "blocking law"[1] of another country. To be precise, the very purpose of European Council Regulation 2271/96 (the "EC Blocking Regulation") is to interfere with the application of Title III of Helms-Burton, including through

---

[1] Defendant describes the 1996 Act of the European Commission upon which it relies as the "EU blocking statute." *See* Motion at ¶ 1.

5

interference with the proceedings held by United States Courts.  As Defendant concedes, the EC Blocking Regulation seeks to prohibit EU companies, such as Defendant, from complying with "'any requirement or prohibition, including requests of foreign courts, based on or resulting, directly or indirectly, from' [the Helms Burton Act] . . . ."  *See* Motion at ¶ 13 (quoting EC Blocking Regulation, Art. 5).

The United States Supreme Court has specifically rejected attempts to supersede United States law with foreign law as such an approach would "effectively subject every American court hearing a case involving a national of a contracting state to the internal laws of that state." *Societe Nationale Industrielle Aerospaitale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).  In that case, the Supreme Court rejected the use of a French "blocking statute" that was being cited to deny use of United States discovery methods sought in a district court proceeding. *Id*. 482 U.S. 544 n.29.  The Court remarked "[i]ndeed, the language of the statute, if taken literally, would appear to represent an extraordinary exercise of legislative jurisdiction by the Republic of France over a United States district judge." *Id*.

Just as importantly, the United States Supreme Court recognized that foreign laws cannot "deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Id.*  Thus, the Supreme Court has rejected the application of blocking statutes in United States courts – making the stay to date really just an accommodation, which has now run out, to Defendant rather than an issue of international comity.

Applying *Societe*, a district court rejected a defendant's attempt to use a Canadian blocking statute to thwart compliance with an order or subpoena from outside of Ontario.  *Snowden v. Connaught Labs., Inc.*, 138 F.R.D. 138, 141 (D. Kan. 1991) (holding that the court had the power

to order discovery pursuant to the Federal Rules of Civil Procedure, notwithstanding any Canadian law to the contrary).

**ARGUMENT**

**A. The Stay Order is Immoderate and Should be Vacated**

Perhaps aware that it could not seek an indefinite stay, Defendant, on no less than four occasions, made clear that it was only seeking a stay of "no longer than 75 days." [D.E. 16 at pp. 1, 2, 8, 11). Yet, now after the passage of more than ninety days, Defendant refuses to consent to the Court vacating the stay and also refuses to provide any of the documentation provided to the European Commission or received from the European Commission.[2] Thus, at this point, the Court's stay order is immoderate because the stay order contains an indefinite time frame tied to the granting of an authorization by a foreign commission. Moreover, there is insufficient rationale for the current stay given Defendant's lack of cooperation with regard to providing the details of such proceeding. The Eleventh Circuit's precedent is clear. At this point, the stay must be lifted. *Trujillo v. Conover & Co. Communs., Inc.,* 221 F.3d 1262, 1264-65 (11th Cir. 2000) (rejecting entry of indefinite stays as an abuse of discretion).

The district court's decision in *French Cuff v. Markel Am. Ins. Co.* is also instructive. In that case, the court denied the defendant's motion to stay the case after conducting an analysis of the international abstention factors set out in *Turner.* The Court determined that another litigation proceeding in France could not be used as grounds to stay the action in the district court because the French proceeding addressed a "wholly distinct issue" from that which the district court would

---

[2] *See* Email Chain attached hereto as Exhibit 1. Defendant inappropriately uses the EU Blocking Statute as its excuse for not providing any copies of the requested materials. The Court should reject such approach. Defendant has provided some information regarding its filings in its Motion to Stay and subsequent status reports and so should not be allowed to unilaterally choose what to provide or not provide to Plaintiff and the Court. Moreover, without such materials, neither Plaintiff nor this Court can reasonably evaluate the status of such proceedings.

be addressing. *Id.* at *6. The court further noted that the principle of international comity is typically used to "justify abstention only where a foreign court has already rendered a judgment" and at the time there had not been a decision rendered in the French proceeding. *Id.* at *7. Further, the Court declined to enter an indefinite stay pending resolution of the French proceeding for fear of violating the Eleventh Circuit's precedent set by *Trujillo*. *Id.* at *9.

Defendant has been clear. Defendant "opposes lifting the stay until it gets a decision on the pending application." *See* Rule 7.1(a)(3) Certification, *infra*. Defendant's position is fatally flawed as: (i) it creates an impermissible indefinite stay in violation of *Trujillo*, and (ii) it is based on a foreign blocking statute when, under *Societe*,[3] such blocking statutes are not recognized by United States courts.

### B. Defendant Cannot Establish that a Further Stay is Warranted

Defendant has made clear that, if it obtains permission from the European Commission, it will be seeking "dismissal for, among other things, insufficient service of process and lack of personal jurisdiction." Motion to Stay at ¶ 10; Status Report at 1. n.1 ("Iberostar reserves all its rights and will move to dismiss based on its Rule 12 defenses when it receives authorization to do so from the European Commission."). [D.E. 20]. Importantly, Defendant has offered no evidence or legal authority that filing such a defensive motion without prior authorization from the European

---

[3] Because this Court has yet to determine whether it has jurisdiction over it, Defendant suggests that the Supreme Court's analysis in *Societe* is inapplicable. *See* Motion to Stay at p. 9 n.7. This, of course, is wrong. Under Defendant's hypothesis a foreign blocking statute could prevent a United States Court from even determining its jurisdiction simply by forbidding participation in such lawsuit. Clearly, there is nothing in United States law or jurisprudence that abdicates such responsibility to a foreign law.

8

Commission, as opposed to participating in the merits of this dispute, will subject it to sanctions pursuant to the EC Blocking Regulation.[4]

Indeed, Defendant has apparently reserved the right to participate in this case even if the European Commission denies its application. *See* Motion to Stay at 10 n.8. Put another way, it appears that regardless of the outcome of the proceeding before the European Commission, Defendant will likely be filing a motion to dismiss. Thus, it cannot meet its high burden of obtaining a prospective stay of this litigation pending the results of its submission to the European Commission, and this case should proceed to have any preliminary issues decided by this Court.

In *Turner*, the Eleventh Circuit explained that a United States court may stay proceedings before it when a foreign court is deciding a matter between the parties similar to the one before it, as long as: (1) a stay would promote international comity between sovereign nations' courts, (2) fairness to litigants will be respected,[5] (3) a stay will promote efficient use of judicial resources.[6]

---

[4] It appears that a similarly situated defendant has filed a motion to dismiss a Title III Helms-Burton action in this district without any apparent authorization from the European Commission or any apparent sanction for filing such motion or for participating in the litigation for upwards of four months since its appearance on March 11, 2020 . *See Cueto v. Pernod Ricard*, Case No. 20-cv-20157-KMW (S.D. Fla.) (D.E. 19 at 22 of 33 (referencing the EC Blocking Regulation as a reason for proper service), D.E. 30 at 33 of 35 n.15 (same)). Additionally, the author of a recent law review article reported that "[t]he ***sole attempt at enforcement*** of the EU blocking statute occurred in 2007, by the government of Austria . . . .Thus, the entire effort of the EU to thwart U.S. extraterritorial efforts with respect to Cuban sanctions ***ground to an unceremonious halt with one attempted –and failed*** – enforcement action by Austria, a member of the EU." Meaghan Jennison, Comment: *The More Things Change, the More They Stay the Same: The United States, Trade Sanctions, and International Blocking Acts*, 69 Cath U.L. Rev. 163, 174 (2020) (emphasis added).

[5] The three fairness factors for a court to consider are: (1) the order in which the suits were filed, (2) the convenience of the forums, and (3) the possibility of prejudice due to abstention. *Id.* at 1521.

[6] The factors relevant to judicial efficiency include: "(1) inconvenience to the parties posed by the federal forum, (2) the desirability of avoiding piecemeal litigation, (3) whether the actions have

25 F.3d 1512, 1518. The Eleventh Circuit has also addressed the issue of prospective stays, entered where there is no judgment from a court in another country. *See GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1025 (11th Cir. 2014). As described above, such prospective stays are reserved for exceptional diplomatic circumstances after the court has evaluated: (1) "'the strength of the United States' interest in using a foreign forum', (2) 'the strength of the foreign governments' interests,' and (3) 'the adequacy of the alternative forum.'" *Id.* at 1030 (*citing Ungaro-Benages*, 379 F.3d at 1228).

With regard to the Court's consideration of promoting international comity, it is clear that the Helms-Burton Act and the EC Blocking Regulation are at odds with each other. The EC Blocking Regulation was passed to specifically address the European Union's disagreement with the United States' passage of statutes, like Helms-Burton, with extraterritorial effects. Put another way, the conflicting views on these two statutes are more an example of enmity than comity.

Defendant admits as much in its Motion noting "Europe's long-standing opposition to the extraterritoriality of the Helms-Burton Act. *See Odebrecht Const., Inc. v. Prasad,* 876 F. Supp. 2d 1305, 1311-12 (S.D. Fla. 2012) (recognizing that '[t]he passage of the Libertad Act caused an international uproar among United States' allies due to the extraterritorial reach of Title III.'); *see also United States v. Brodie*, 403 F.3d 123, 129 (3d Cir. 2005) ('Numerous countries, including the European Union, Canada and Mexico, reacted to the strengthening of the American Cuban embargo, and its purported application to American subsidiaries abroad, by enacting countermeasures.')." *See* Motion at ¶ 11. Thus, a stay of an action brought under Helms-Burton in favor of a proceeding to obtain authorization under the EC Blocking Regulation does nothing

---

common parties and issues, and (4) whether the alternative forum is likely to render a prompt disposition. *Id*. at 1522 (citations omitted).

for international comity as the European Union rejects the premise and effect of Title III of the Helms-Burton Act just as the United States rejects the premise and effect of the EC Blocking Regulation. *See, e.g.,* Motion at ¶ 12 ("In November 1995, the EU responded to the U.S. congressional approval of the Helms-Burton Act by promulgating Council Regulation 2271/96, a 'blocking regulation' which asserts that the EU as a matter of sovereignty does not recognize the extraterritorial application of the Helms-Burton Act to European entities."); *Societe*, 482 U.S. 544 n.29.

For the same reasons, Defendant cannot meet the first two factors required for obtaining a prospective stay – the strength of the United States' interests in using a foreign forum and the strength of the foreign governments' interests. Here, the conflict between Title III of the Helms-Burton Act and the EC Blocking Regulation clearly establish that the United States' interests would *not* be met by deferring to a decision of the European Commission as to whether a defendant should participate in litigation brough under such Act in a district court. Likewise, the United States rejects blocking statutes of other nations. *See, e.g., Societe*, 482 U.S. 544 n.29; *Snowden*, 138 F.R.D. at 141. Thus, Defendant cannot establish that the "strength of the foreign governments' interests" has any weight here. Also, it is obvious that the European Commission is not an adequate forum for Plaintiff to bring her claim under Title III of Helms Burton, and so Defendant cannot establish the third factor necessary to obtain a prospective stay.

Defendant has not cited any case in which a court granted a stay so that the defendant could obtain permission from the European Commission to participate in a case brought under Title III of the Helms-Burton Act. The cases cited by Defendant are of no assistance to it here. Such cases involve parallel legal actions in foreign countries or clear cooperation between the United States and another nation. *See Ungaro-Benages v. Dresdner Bank AG,* 379 F.3d. 1227 (11th Cir. 2004);

*Turner Entm't Co. v. Degeto Film GmbH,* 25 F.3d 1512, 1518 (11th Cir. 1994); *Posner v. Essex Ins. Co.,* 178 F.3d 1224 (11th Cir. 1999); *Dash 224, Ltd. Liab. Co. v. Aerovias de Integracion Reg'l Aires, S.A.*, No. 13-22796-CIV, 2014 U.S. Dist. LEXIS 186689 (S.D. Fla. Mar. 26, 2014).

In *Ungaro-Benages*, the district court granted summary judgment to a foreign defendant on multiple grounds, including international comity. *Ungaro-Benages,* 379 F.3d at 1229. The Eleventh Circuit affirmed on the grounds that an agreement known as the Foundation Agreement signed by the United States and Germany provided a process and tribunal for American citizens to seek reparations for certain actions of the Nazi government of Germany. *Id.* at 1238-40. There is no such forum here for the victims of the Castro regime. Instead, Congress, through the Helms-Burton Act, has given this Court the jurisdiction to decide such matters.

The other cases cited by Defendant involved parallel court cases in other countries that could fairly and appropriately resolve the issues brought to the district court. In *Turner*, there was an action in the United States and an action in Germany where the German court had rendered a judgment on the merits. 25 F.3d at 1514. In *Posner*, there was a simultaneous United States action and a Bermuda action. 178 F.3d 1224. In *Dash*, there was an ongoing case in the United States and Colombia. No. 13-22796-CIV, 2014 U.S. Dist. LEXIS 186689, at *2 (S.D. Fla. Mar. 26, 2014). Here, there is no such parallel action -- just a unilateral action taken by Defendant before the European Commission – a proceeding in which Plaintiff has no voice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court lift the stay and allow this case to proceed.

Respectfully submitted,

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano (Florida Bar Number: 0056091)
Attorney E-mail address: jzumpano@zplaw.com
Leon N. Patricios (Florida Bar Number: 0012777)
Attorney E-mail address: lpatricios@zplaw.com
Danit Ashkenazi Darmon (Florida Bar Number: 1003836)
Attorney E-mail address: ddarmon@zplaw.com
ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Telephone: (305) 444-5565

Attorneys for Plaintiff Maria Dolores Canto Marti

**CERTIFICATE OF GOOD FAITH CONFERENCE**

In compliance with Local Rule 7.1(a)(3), undersigned counsel represents that he has conferred with counsel for Defendant, and Defendant does not agree to the relief requested herein. According to the meet and confer between counsel, Defendant "opposes lifting the stay until it gets a decision on the pending application."

*/s/ Leon N. Patricios*
Leon N. Patricios

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2020, a true and correct copy of the foregoing Motion to Lift Stay was filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel and parties of record.

*/s/ Leon N. Patricios*
Leon N. Patricios