United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Dolores Canto Marti,<br>Plaintiff,<br><br>v.<br><br>Iberostar Hoteles y Apartamentos<br>S.L., Defendant. | )<br>)<br>)<br>) Civil Action No. 20-20078-Civ-Scola<br>)<br>)<br>) |

### Order Denying Motion to Vacate Stay

Now before the Court is the Plaintiff's motion to vacate stay. For reasons stated herein, the Court **denies** the Plaintiff's motion. (**ECF No. 21**.)

1. **Background**

On January 8, 2020, the Plaintiff, Maria Dolores Canto Marti, filed suit against the Defendant, Iberostar Hoteles Y Apartamentos SL, a Spanish company, raising claims under Title III of the Helms-Burton Act, 22 U.S.C. § 6082. (ECF No. 1.) On April 7, 2020, the Plaintiff served Iberostar and on April 23, 2020, Iberostar filed a motion to stay the on the grounds that European Commission Regulation 2271/96 prohibits Iberostar from responding to the complaint without express authorization from the Commission. (ECF No. 16, at 1-2.) Failure to comply with Regulation 2271/96 exposes Iberostar to substantial fines up to EUR 600,000, imposed by the Spanish government pursuant to Spanish Law 27/1998, for each violation. (ECF No. 16, at 2-3.) On April 24, 2020, this Court entered an order granting Iberostar's motion to stay. (ECF No. 17.) The Court found the requested stay was in the "interests of international comity" and noted the stay would extend only as long as it took for the European Commission to decide on Iberostar's request for authorization to participate in this lawsuit. (ECF No. 17.) In the interim, the Court directed Iberostar to submit a status report every 30 days updating the Court on its request to the European Commission. (ECF No. 17.)

Iberostar has timely filed status reports as ordered by this Court which have been useful to the Court in continuing to evaluate the stay. (*See* ECF Nos. 18, 19, 20, 24.) In its most recent status report, filed on August 24, 2020, Iberostar noted that the European Commission, on August 10, 2020, informed Iberostar that its application remains under consideration and that the Commission is involved in "extensive consultation [with] both the Commission's services and Member States' authorities." (ECF No. 24, at 2.) Indeed, it is possible

that this is the first time the European Commission has considered an authorization request pursuant to Regulation 2271/96 based on a claim under the Helms-Burton Act. (ECF No. 22, at 3.)

The Plaintiff now asks the court to vacate the stay entered earlier this year on the grounds that the stay order is immoderate. (ECF No. 21.) In response, Iberostar argues that the stay is warranted under principles of international comity and that the stay is not immoderate, but rather, is justified under Eleventh Circuit precedent. (ECF No. 22.)

## 2. Legal Analysis

District Courts have broad discretion to stay proceedings in the exercise of their good judgment. *Clinton v. Jones,* 520 U.S. 681, 706 (1997). Courts may enter stays for a variety of reasons, such as to control their dockets or pursuant to principles of abstention. *Trujillo v. Conover & Co. Commuc'ns, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). In the Eleventh Circuit, when a District Court enters a stay, the stay must not be immoderate, meaning it must be reasonable in scope and not indefinite. *Id.* Whether the stay is reasonable in scope may hinge on the reasons cited for the stay. *Id.*

Here, the Court issued a stay based on "international comity" and in light of the significant sanctions Iberostar faces for each breach of Regulation 2271/96. (ECF No. 17.) In *Turner Entertainment Co. v. Degeto Film GmbH*, the first case in this Circuit to consider the question of abstention pursuant to international comity, the Court noted several factors should be considered when judging abstention pursuant to international comity, including: "(1) a proper level of respect for the acts of our fellow sovereign nations—a rather vague concept referred to in American jurisprudence as international comity; (2) fairness to litigants; and (3) efficient use of scarce judicial resources." 25 F.3d 1512, 1518 (11th Cir. 1994); *see also Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895) (noting comity is "neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will upon the other[, b]ut it is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation."). Accordingly, the Court will consider principles of international comity, fairness to litigants, and use of judicial resources in evaluating the propriety of the stay in the context of Plaintiff's motion.

### A. International Comity

Courts may properly apply the doctrine of international comity to stay a litigation. In *GDG Acquisitions, LLC v. Gov't of Belize*, the Eleventh Circuit indicated it is appropriate for courts to appropriately stay a case based on

principles of international comity, where Courts consider "(1) 'the strength of the United States' interest in using a foreign forum,' (2) 'the strength of the foreign governments' interests,' and (3) 'the adequacy of the alternative forum.'" 749 F.3d 1024, 1030 (11th Cir. 2014) (citing *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004). The final factor of "adequacy of the alternative forum is informed by forum non convenience analysis." *Id.*

As there is no parallel proceeding ongoing, the Court finds that the first factor does not apply. (*See* ECF No. 21, at 12 ("Here, there is no such parallel action.").) With respect to the third factor, Plaintiff has provided no information calling into question the adequacy of the European Commission to undertake interpretation of its own rules and regulations, accordingly, the third factor weighs in favor of abstention pursuant to international comity. Finally, under the second factor, Court finds that the European Commission and European Union has a strong interest in evaluating its own rules and regulations. *Hale v. Fr. Lurssen Weft GmbH & Co. KG*, Case No. 09-23787-Civ-Ungaro, 2010 WL 11601558, at *3 (S.D. Fla. April 26, 2010) (Ungaro, J.) (recognizing foreign jurisdictions have an interest in interpreting their own laws). Indeed, as it seems this is the first time the European Commission has considered an authorization request pursuant to Regulation 2271/96 based on a claim under the Helms-Burton Act, it would seem that interest is particularly heightened in this case. (ECF No. 22, at 3.) Accordingly, concerns of international comity weigh in favor of this Court maintaining the stay over these proceedings until the European Commission provides Iberostar authority to participate in this litigation.

### B. Fairness to Litigants

The next question for the Court to consider is fairness to litigants. In evaluating this factor, courts typically consider, "(1) the order in which the suits were filed, (2) the more convenient forum, and (3) the possibility of prejudice to the parties resulting from abstention." *Turner*, 25 F.3d at 1521-22 (internal citations omitted). Again, as no parallel proceedings are ongoing, the Court finds that factors one and two do not apply to its analysis. Turning to the third factor, the Court notes that both parties argue they will be prejudiced. Plaintiff argues she will be prejudiced if the stay remains in place and Iberostar argues it will be prejudiced if the stay is lifted. Plaintiff contends that she is prejudiced because she will be delayed in pursuing her claims against Defendant and because the stay allows Defendant "to move assets or otherwise plan to avoid any economic consequences from adverse rulings by this Court." ECF No. 23, at 6.) The Court notes that Plaintiff has offered no evidence whatsoever to support her speculative contention that Defendant may be moving assets to avoid economic

consequences stemming from any ruling against it by this Court. Conversely, Defendant claims it will be harmed by being subjected to sanctions up to EUR 600,000 pursuant to Regulation 2271/96 and Spanish Law 27/1998, for each breach of Regulation 2271/96. Given the speculative nature of the harm alleged by Plaintiff and the immediate and concrete nature of the harm faced by Defendant, the Court finds that this factor, too, weighs in favor of maintaining the stay until such time as the European Commission issues a decision on Iberostar's application.

### C. Efficient Use of Judicial Resources

Finally, the Court considers whether the stay is an efficient use of judicial resources. Factors relevant to this inquiry are "(1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; (3) whether the actions have parties and issues in common; and (4) whether the alternative forum is likely to render a prompt disposition." *Turner*, 25 F.3d at 1522 (11th Cir. 1994) (internal citations omitted). Again, given the lack of parallel judicial proceedings, the Court finds the first three factors do not apply. Turning to the final factor, the Court notes that there is no reason to presume that the European Commission is unlikely to render a prompt decision on Iberostar's request for authorization under Regulation 2271/96. Indeed, the European Commission has been providing updates on the status of Iberostar's application, indicating the application is under active consideration. Plaintiff has offered no evidence to rebut this. Accordingly, the Court finds that the final factor weights in favor of maintaining the stay.

### D. Immoderate or Indefinite Stay

Finally, even if the stay is justified, the Plaintiff argues the stay should be vacated because it is immoderate or indefinite, and therefore illegal under Eleventh Circuit precedent. A stay is viewed as immoderate "unless so framed in its inception . . . its force will be spent within reasonable limits, so far as they are susceptible of prevision and description." *Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936). In considering whether a stay is immoderate, courts in the Eleventh Circuit examine "the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." *Trujillo*, 221 F.3d at 1264.

As stated above, a stay in this matter is justified pursuant to principles of international comity, fairness to the litigants, and the efficient use of judicial resources. Moreover, the Court agrees with Defendant that the stay is *not* indefinite because it will end as soon as the European Commission rules on

Iberostar's application. Iberostar's application is filed and pending before the European Commission, and the European Commission is actively considering Iberostar's application. (ECF No. 22, at 12.) The European Commission's active consideration of the application is evidenced by the European Commission and Iberostar's active dialogue regarding the application since it was filed on April 15, 2020. Indeed, as recently as July 24, 2020, the European Commission requested additional information from Iberostar in consideration of its application and on August 10, 2020, the European Commission informed Iberostar that it is engaged in communications with the Commission's services and member states with respect to Iberostar's request. This case is unlike *Trujillo* where a district court stayed a case pending resolution of a litigation and exhaustion of all appeals in the Bahamas where, by every indication, the case was "not progressing quickly." *Trujillo*, 221 F.3d at 1264. Here, it appears Iberostar's request to the European Commission is under consideration in the normal course. The Plaintiff also contends that the status reports required by this Court do nothing to temper any potential immoderation of the stay under *Trujillo*. *See Id.* at 1264 n.3 (finding status reports as inadequate to prove a stay is not immoderate as the "district court could do nothing when the status reports are filed, and the stay would continue in effect until the Bahamanian litigation concluded."). Here, the Court assures the Plaintiff that it is mindful of its obligations under Eleventh Circuit precedent and evaluates the propriety of the stay entered in this case with the filing of Iberostar's status reports. Accordingly, this Court finds that the stay is not immoderate or indefinite.

### 3. Conclusion

The Court therefore **denies** the Plaintiff's motion to vacate stay. (**ECF No. 21**.) The Court directs Iberostar to continue to submit status reports on its request for authorization every 30 days, consistent with the Court's prior stay order (ECF No. 17.)

**Done and ordered** at Miami, Florida on September 16, 2020.

Robert N. Scola, Jr.
United States District Judge