United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Dolores Canto Marti,<br>Plaintiff,<br><br>v.<br><br>Iberostar Hoteles y Apartamentos<br>S.L., Defendant. | )<br>)<br>)<br>)  Civil Action No. 20-20078-Civ-Scola<br>)<br>)<br>) |

### Order Denying Renewed Motion to Vacate Stay

This matter is before the Court upon the Plaintiff's renewed motion to vacate stay and to certify the Court's stay orders for interlocutory appeal, pursuant to 28 U.S.C. § 1982. The Court construes the Plaintiff's motion as a motion to reconsider its prior order denying the Plaintiff's motion to vacate (ECF No. 25.) For reasons stated herein, the Court **denies** the Plaintiff's motion. (**ECF No. 32**.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). To obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

At the outset, the Court notes that the Plaintiff has repeatedly, despite the Court's most recent order seeking to clarify any confusion, maintained its position that this matter will be stayed for as long as it takes for the European Union to *grant* Iberostar's request for authorization to proceed with this lawsuit. (ECF No. 32, at 1.) While the Court did use this language in its initial stay order, in its subsequent order denying the Plaintiff's motion to vacate stay, the Court stated "the stay would extend only as long as it took for the

European Commission to *decide* on Iberostar's request for authorization" (ECF No. 25, at 1) (emphasis added) and later in that same order stated again that the stay would be in place "until such time as the European Commission *issues a decision* on Iberostar's application." (ECF No. 25, at 4) (emphasis added). For the avoidance of doubt and to alleviate any confusion, the Court notes that this matter will proceed once the European Commission reaches a decision, regardless of whether that decision is or is not favorable to Iberostar. Iberostar has acknowledged and accepted this and stated as much in its briefing. (ECF No. 33, at 2 ("The Stay is not immoderate for multiple reasons . . . the Court noted the stay will extend only as long as it takes for the Commission to *decide* on Iberostar's Application.") (emphasis added).)

The Court has reviewed the Plaintiff's renewed motion and finds it does not meet the standard for reconsideration of the Court's prior order. Other than the passage of additional time, the circumstances presented by this matter have not changed. This matter *will* move forward upon the European Commission's decision. Given the Court's concerns relating to international comity and in consideration of the "speculative nature of the harm alleged by the Plaintiff" should the stay not be lifted "and the immediate and concrete harm faced by the Defendant" if the stay is lifted, among other considerations stated in the Court's prior order, the Court is unmoved that its decision to maintain the stay in this matter was incorrect or warrants reconsideration. (ECF No. 25, at 4.)

The Court next turns to the Plaintiff's request that the Court certify its decision for interlocutory appeal to the Eleventh Circuit. The Defendant states it intends to seek review of the question of "whether it is proper to stay a case arising out of the Helms-Burton Act pending *authorization* from the European Commission to an EU Defendant to participate in the case, pursuant to the EU Blocking Regulation, which was passed specifically to counter the effects of the Helms-Burton Act." (ECF No. 32, at 23 (emphasis added).) As the Court noted above, the question proposed by the Plaintiff, as formulated, does not accurately capture the Court's stay order in this matter. Nonetheless, the Court considers the Plaintiff's request for certification of this question for interlocutory appeal.

Under 28 U.S.C. § 1292(b), when the Court issues an "order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may material advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C § 1292(b). As further set forth below, the Court

denies the request to certify its decision staying this matter for interlocutory appeal.

In determining whether to certify a question for interlocutory appeal, the Eleventh Circuit has stated "[t]hree factors are relevant in deciding whether an order merits interlocutory review under § 1292(b): (1) whether the case presents a controlling question of law; (2) whether there is a substantial ground for difference of opinion; and (3) whether the appeal will materially advance the ultimate termination of the litigation." *Simpson v. Carolina Builders Corp.*, 222 F. App'x 924, 925 (11th Cir. 2007) (internal quotations omitted). There is a "strong presumption against interlocutory appeals, and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose." *Havana Docks Corp. v. Carnival Corp.*, No. 19-21724-Civ, 2020 WL 3489371, at *2 (S.D. Fla. June 26, 2020) (Bloom, J.). The standard is conjunctive, meaning if any element is not satisfied, the Court must deny interlocutory review. *Id.*

Whether a stay is justified is a fact and case-specific inquiry that is subject to the judgment of the Court. (See ECF No. 25, at 2.) Given this, the Court finds that the Plaintiff has failed to show there is a controlling question of law at issue for interlocutory appeal as the Circuit would need to delve "into the record in order to discern the facts of the underlying case." *Havana*, 2020 WL 3489371, at *2. Therefore, the Plaintiff has failed to satisfy the first factor justifying certification of a question for interlocutory appeal. Even so, the Court notes that "questions of first impression or the absence of binding authority on an issue, without more, are insufficient" to satisfy the second element for interlocutory appeal. *Id.* The Plaintiff, therefore, would also be unable to satisfy the second factor relating to certification for interlocutory appeal. Indeed, the parties appear to agree that there is a lack of District Court and Circuit Court precedent on the question at issue, but the Court notes that under Eleventh Circuit precedent, that fact, standing alone is insufficient to justify certifying this question for interlocutory review. Finally, the Court finds that the certification of interlocutory appeal would not meaningfully advance the ultimate termination of the litigation at issue between the parties. Resolution of this question by the Circuit will not result in the early termination of this litigation or obviate the need for a trial. *Id.* Rather, this could cause further delay in moving these proceedings forward, and moreover could result in the waste of judicial resources. For instance, if the European Commission reaches a decision while the proposed question is pending before the Eleventh Circuit, the issue could become moot as this question would no longer be at issue between the parties.

The Court therefore **denies** the Plaintiff's motion to vacate stay and for certification of the Court's stay orders for interlocutory appeal. (**ECF No. 32**.) The Court directs Iberostar to continue to submit status reports on its request for authorization every 30 days, consistent with the Court's prior stay orders (ECF Nos. 17, 25.)

**Done and ordered** at Miami, Florida on May 3, 2021.

_____
Robert N. Scola, Jr.
United States District Judge