United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Dolores Canto Marti, and others, Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 20-20078-Civ-Scola ) |
| Iberostar Hoteles y Apartamentos S.L., Defendant. | ) ) ) |

**Order Requiring Joinder of Indispensable Parties**

This matter is before the Court on the motion to dismiss the amended complaint filed by Defendant Iberostar Hoteles y Apartamentos, S.L.. ("Iberostar"). (Mot. Dismiss Am. Compl., ECF No. 75). The Plaintiffs have responded in opposition (Resp., ECF No. 78) and have also filed a motion for leave to take jurisdictional discovery (Mot. Leave Jur. Disc., ECF No. 82). The Defendant timely replied in support of its motion (Reply, ECF No. 81) and responded to the Plaintiffs' motion (Resp. Oppn. Mot. Leave, ECF No. 83). Having reviewed the briefing, the record, and the relevant authorities, the Court **orders** the Plaintiffs to **amend** the operative complaint (Am. Compl., ECF No. 72) to join certain indispensable parties, as identified in the Defendant's motion to dismiss. Accordingly, the Court also **denies as moot** the Defendant's motion to dismiss (**ECF No. 75**) and the Plaintiffs' motion for leave to take jurisdictional discovery (**ECF No. 82**).

1. **Background**

Maria Dolores Canto Marti initially filed this action on January 8, 2020, as the personal representative of the estates of Dolores Marti Mercade and Fernando Canto Bory. (Compl. at 1, ECF No. 1.) She sought relief for the two estates under Title III of the Helms-Burton Act ("Helms-Burton," 22 U.S.C. §§ 6021, et seq.). (*Id.* ¶ 1.) In its essentials, the original complaint alleged that the Defendant, Iberostar, had wrongfully trafficked in real property that had been confiscated by the Cuban government. (*Id.* ¶ 14, 30.) Ms. Canto Marti originally alleged that the estates had inherited their father's interests to certain real property that included "a hotel named 'El Imperial'" and a department store called "the La Francia department store." (*Id.* ¶¶ 11-12.) Iberostar allegedly trafficked in the property after confiscation by "co-operating and co-managing the Iberostar Imperial Hotel in conjunction with the Cuban government" on the confiscated property. (*Id.* ¶ 30.)

These proceedings encountered complications because Iberostar, which is located in Spain, must obtain authorization of the European Commission before it can file any response to a Helms-Burton claim in the United States. (Order Granting Stay, ECF No. 17.) The European Commission did not quickly grant relief, however, and the Eleventh Circuit Court of Appeals later granted the Plaintiff's appeal of this Court's denial of reconsideration regarding the stay and vacated the stay. (Mandate of Ct. App., ECF No. 66.) Coincidentally, the European Commission finally granted Iberostar permission to respond in this action just before the Eleventh Circuit's mandate was entered. (Interim Status Rep., ECF No. 65.) The Court reopened the case, Iberostar moved to dismiss for lack of personal jurisdiction, improper service, and failure to state a claim. (Mot. Dismiss, ECF No. 68.) The Plaintiff subsequently amended her complaint in response to the motion. (Am. Compl., ECF No. 72.)

The amended complaint raises essentially the same Helms-Burton claim relating to the same property in Cuba, but now Ms. Canto Marti asserts the claim in her own name and is also joined by five additional Plaintiffs asserting the same claim against Iberostar. (*Id.* ¶¶ 2-7, 73-81.) The new Plaintiffs are Maria Dolores Canto Marti (personally), Fernando Jose Ignacio Canto Marti, Javier Enrique Canto Marti, Graciela Maria Canto Marti, Roberto Jose Canto Marti, and Enrique Canto Marti. (*Id.* ¶¶ 2-7.)

The Plaintiffs allege that they inherited their rights to the subject property in Cuba through their father (Fernando Canto Bory) in 1992, who along with his sister (Rosa Canto Bory) inherited those rights from their father and mother (Enrique Canto Bory and Dolores Bory Trillas) in 1941 and 1970. (*Id.* ¶¶ 25-27.) They also inherited from their pre-deceased siblings in Puerto Rico, in 1971 and 1982. (*Id.* ¶¶ 28-29.) The Plaintiffs also allege that Rosa Canto Bory, their aunt, ultimately inherited half of the rights to the property. (*Id.* ¶¶ 27-29.) Rosa Canto Marti is deceased, but none of her heirs have joined this action. (*Id.* ¶ 29 n.3.) Finally, the Plaintiffs also allege that one of their siblings, Rosa Maria Rosalia Canto Marti (also known as Rosa Zumpano) died intestate in Florida in 1994; none of her heirs join this action, either. (*Id.* ¶ 32 n.7.)

### 2. Legal Standard

Dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a (party under Rule 19, is a "two-step inquiry." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003). "First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011)

(O'Sullivan, Mag. J.) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria, *i.e.*, that the party is a required party, the court must order that party joined if its joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2). If the absent party is not required, the litigation continues as is. *See, e.g.*, *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007) (Cooke, J.). However, an absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (Per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

Second, if the absent party's joinder is not feasible — *i.e.*, joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action — the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) ("[T]he court must [first] ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue."). "Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party." *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 2084851, at *2 (S.D. Fla. Apr. 30, 2020) (Bloom, J.) (citations omitted).

Rule 19(b) enumerates a list of the most significant factors considered in determining whether joinder of an absent party is indispensable, which includes "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder" of the absentee. Fed. R. Civ. P. 19(b). Those factors "must be reviewed in light of pragmatic concerns, especially the effect on the parties and the litigation." *Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir.

1985) (citations omitted). Finally, Rule 19(a)(3) provides that "[i]f a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Fed. R. Civ. P. 19(a)(3).

### 3. Discussion

Iberostar moves to dismiss the amended complaint on a number of grounds, including failure to join indispensable parties under Federal Rules of Civil Procedure 12(b)(7) and 19. Iberostar argues that "leaving out the alleged heirs leaves Iberostar exposed to other claims regarding the same matter," and it is therefore exposed to "double, multiple, or otherwise inconsistent obligations" that require joinder of the additional alleged heirs. (Mot. Dismiss Am. Compl. at 20.)

The Plaintiffs respond to the joinder issue only in a footnote and assert that none of the alleged heirs are required parties. First, the Plaintiffs argue that Rosa Canto Bory's heirs are Spanish citizens, so are ineligible to pursue Helms-Burton claims. (Resp. at 17 n.30.) Second, the Plaintiffs claim that Rosa Zumpano's heirs have "waived" their Helms-Burton claim:

> "Rosa Zumpano's heirs" are represented by undersigned counsel [Attorney Joseph I. Zumpano], who is the son of Rosa Zumpano and therefore a Rosa Zumpano heir, and undersigned counsel represents that to the extent Rosa Zumpano's heirs have any Helms Burton claim against Iberostar, they are waiving such a claim.

(*Id.*) The Plaintiffs present no other argument as to why Rosa Canto Bory's and Rosa Zumpano's heirs are not indispensable parties.

First, the Court finds that the Rosa Zumpano heirs are required parties under Rule 19(a)(1)(B). The Rosa Zumpano heirs' interests raise issues under both subparts of that Rule: the Court's ultimate decision here may "impair or impede [the heirs'] ability to protect [their Helms-Burton claim] interest," and their absence here leaves Iberostar "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [heirs'] interest." Fed. R. Civ. P. 19(a)(1)(B)(i), (ii). The Rosa Zumpano heirs potentially have claims in the exact same property that the Plaintiffs here assert, because like the Plaintiffs, they are heirs of a Canto Marti family member that possessed an interest in the same subject property.[1] Therefore, the Court's

---

[1] The Defendant also argues in its motion to dismiss that none of the Plaintiffs or other heirs have interests in the subject property because they have not actually inherited their claims properly under Cuban and Puerto Rican law. (Mot. Dismiss Am. Compl. at 11-15.) The Court makes no determination here regarding whether the Plaintiffs, or any heir, has properly

decisions in this matter could affect their interests, and Iberostar could be subject to multiple or inconsistent recoveries. *See Senalle v. Geovera Spec. Ins. Co.*, No. 20-23211-CIV, 2020 WL 5574188, at *2-3 (S.D. Fla. Sept. 17, 2020) (Scola, J.) (finding non-party identified as an insured under insurance policy to be an indispensable party to property insurance action where it was not clear from the complaint or the record that the non-party had definitively assigned all of his rights under the policy to the plaintiff).

The Plaintiffs' counsel's representation in a footnote that the Rosa Zumpano heirs have "waived" their Helms-Burton claims is simply insufficient for the Court to credit. *See id.* No evidence has been placed before the Court demonstrating waiver, the non-party heirs have signed no documentation affirmatively waiving their claims, and there is nothing to suggest that they could not later change their minds and assert claims related to this action here. *Id.* This is all the more important where the Plaintiffs' counsel is both himself an heir and also separately an interested party in the litigation as an attorney. (Resp. at 17 n.30.) Therefore, the Court "cannot conclude that [the Rosa Zumpano heirs] have released all interests [they] may have in the claim, [the subject property], and litigation." *Senalle*, 2020 WL 5574188, at *2.

Second, nothing suggests that joining the Rosa Zumpano heirs is not feasible. Neither the Defendant nor the Plaintiff makes any argument against the feasibility of joining them. (Mot. Dismiss Am. Compl. at 20; Resp. at 17 n.30.) Nor can the Court discern such a feasibility issue on its own. Neither party makes any allegations or arguments regarding the Rosa Zumpano heirs' citizenship. (Mot. Dismiss Am. Compl. at 20; Resp. at 17 n.30.) And, because this is a Helms-Burton claim, the Court's jurisdiction would not be divested by non-diverse parties, anyway. Accordingly, the Court cannot dismiss the amended complaint for failure to join the Rosa Zumpano heirs—rather, it must require joinder. [2] *Senalle*, 2020 WL 5574188, at *4 ("However, because the Defendant has not argued that joinder would be infeasible, and despite the Plaintiff's counsel's failure to address this issue, the Court concludes that dismissal of the action is inappropriate at this juncture.").

The Court does not find, however, that the Rosa Canto Bory heirs are indispensable parties. The Plaintiff represents that they are Spanish citizens

---

inherited the claims at issue. Rather, the Court observes that **if** the Plaintiffs have valid claims, then, as the amended complaint is alleged, Rosa Zumpano's heirs **also** have Helms Burton claims.

[2] Because the Court finds joinder of the Rosa Zumpano heirs to be necessary, the Court declines to address the remainder of the arguments made in the Defendant's motion to dismiss and the Plaintiffs' motion for leave to take jurisdictional discovery. Any such relief should be resolved with all indispensable parties present before the Court.

and therefore may not make a claim under Helms-Burton. (Resp. at 17 n.30); 22 U.S.C. § 6082(a)(1)(A) (establishing that traffickers under Helms-Burton are liable to "any United States national who owns the claim to such property"). The Defendant does not object to or attempt to rebut this characterization of the Rosa Canto Bory heirs. (Reply at 2-5.) Accordingly, the Court cannot find any possibility of "double, multiple, or inconsistent obligations," and they do not have interests that could be affected by this litigation. Fed. R. Civ. P. 19(a)(1)(B).

### 4. Conclusion

For the reasons set out above, the Court **orders** the Plaintiffs to amend the currently operative complaint no later than **May 31, 2023**, to add each of the Rosa Zumpano heirs alleged in the amended complaint as indispensable parties. (Am. Compl. ¶ 32 n.7.) The Plaintiffs' failure to comply with this order will result in sanctions, including in dismissal of the amended complaint.

Additionally, the Court **denies as moot** Defendant Iberostar's motion to dismiss. (**ECF No. 75**.) The Court also **denies as moot** the Plaintiffs' motion for leave to take jurisdictional discovery. (**ECF No. 82**.)

**Done and ordered** at Miami, Florida, on May 17, 2023.

_____
Robert N. Scola, Jr.
United States District Judge