United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Dolores Canto Marti, and others, Plaintiffs, <br><br> v. <br><br> Iberostar Hoteles y Apartamentos S.L., Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 20-20078-Civ-Scola <br> ) <br> ) <br> ) |

**Order Granting Leave to Amend**

This matter is before the Court on the motion for leave to file a third amended complaint by Plaintiffs Maria Dolores Canto Marti, Enrique Canto Marti, Fernando Jose Ignacio Canto Marti, Javier Enrique Canto Marti, Roberto Jose Canto Marti, Graciela Maria Canto Marti, Bernard J. Zumpano, Joseph I. Zumpano, Daniel E. Zumpano, Carlos A. Zumpano, and Roseanne M. Bradford. (Mot. Leave Am., ECF No. 88.) Defendant Iberostar Hoteles y Apartamentos S.L. ("Iberostar") has responded (Resp. re: Mot. Leave Am., ECF No. 91), and the Plaintiffs have replied. (Reply re: Mot. Leave Am, ECF No. 95.) Also before the Court is the motion to dismiss the second amended complaint filed by Defendant Iberostar. (Mot. Dismiss, ECF No. 90.) The Plaintiffs have responded to the motion to dismiss (Resp. re: Mot. Dismiss, ECF No. 94), and the Defendant has replied. (Reply re: Mot. Dismiss, ECF No. 96.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Plaintiffs' motion for leave to amend (**ECF No. 88**) and therefore **denies as moot** the Defendant's motion to dismiss. (**ECF No. 90**.)

1. **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint more than twenty-one days after the defendant has served a responsive pleading or a motion to dismiss may do so only with the opposing party's written consent or the court's leave. Leave shall be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). "However, where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. Of Orange Ctny.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (citing Fed. R. Civ. P. 15(a)); *see also* Fed. R. Civ. P. 16(b)(4). "[G]ood cause exists when

evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Ameritox, Ltd. v. Aegis Servs. Corp.*, No. 07-80498-CIV, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008) (Marra, J.), *modified on reconsideration*, No. 07-80498-CIV, 2009 WL 10668614 (S.D. Fla. May 13, 2009). In determining whether good cause exists, the Court must look at whether "(1) there has been undue delay or bad faith; (2) allowing an amendment would cause undue prejudice to the opposing party; [and] (3) an amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

### 2. Analysis

The Plaintiffs seek leave to file a third amended complaint to add claims against Marcaribe International-Turismo, S.L. ("Marcaribe"), a wholly owned subsidiary of Iberostar. (Mot. Leave Am. ¶¶ 5-7.) The Plaintiffs base their request to add Marcaribe as a Defendant in this action on Iberostar's initial disclosures and other recently acquired information relating to the corporate relationship between the two entities. (*Id.* ¶ 7.)

The Defendant argues in response that the Plaintiffs' proposed claims against Marcaribe are time-barred by statute of limitations, the information on which the Plaintiffs rely was publicly available at the time of filing, Iberostar would be prejudiced by the amendment because multiple motions to dismiss have been briefed in this matter already, and the proposed amended complaint has "serious jurisdictional deficiencies." (Resp. re: Mot. Leave Am. at 1-2.)

First, the Plaintiffs' proposed claims are not time-barred, both because they relate back to the initial pleadings in this lawsuit and because the majority of the delay present here is due to the nearly two-and-a-half year stay that Iberostar itself sought (and which the Eleventh Circuit Court of Appeals eventually vacated). (ECF No. 66.) The proposed claims against Marcaribe relate back to the original complaint in this matter because all deal with the same set of facts and circumstances relating to the Plaintiffs' Helms-Burton Act claim, and Marcaribe has received notice of this action (through the knowledge of its sole shareholder, Iberostar) and knew or should have known an action would have been brought against it with full knowledge by the Plaintiffs of the relevant corporate structures here. Fed. R. Civ. P. 15(c)(1)(B), (C); *Switala v. Rosenstiel*, 288 F. Supp. 3d 1296, 1300 (S.D. Fla. 2017) (Scola, J.).

Further, the now-vacated two-and-a-half-year stay mandates that the Court equitably toll the statute of limitations here, in any case. *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008) (observing that "courts may equitably toll statutes of limitation when an inequitable event prevented a plaintiff's timely action."); *Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1233-34

(M.D. Fla. 2011) (finding that court-imposed three-year stay required equitable tolling of statute of limitations on wrongful death claim), *adhered to on denial of reconsideration* (Dec. 22, 2011). The Defendant sought, and the Court previously approved, a nearly two-and-a-half-year stay that prevented the Plaintiffs from bringing claims against Marcaribe within the statute of limitations. The Court will not now hold that court-imposed (and subsequently vacated) stay against the Plaintiffs.

Second, the Plaintiffs have established good cause for why they were not able to add Marcaribe sooner after the vacating of the stay: they depend, in large part, on the information provided in Iberostar's initial disclosures. (Reply re: Mot. Leave Am. at 7-8.) *Ameritox*, 2008 WL 2705435, at *2. This is an incredibly complicated case involving a large number of Plaintiffs, multiple international corporate entities, and complex and (relatively) novel issues of law. That the Plaintiffs may not have been able to ascertain—and, crucially, have factual support for—the full extent of Marcaribe's and Iberostar's relationship and involvement in this matter prior to the receipt of Iberostar's initial disclosures is unsurprising. Accordingly, the Court finds that the Plaintiffs have not displayed undue delay or bad faith in seeking amendment here. *Bryant*, 252 F.3d at 1163.

Third, Iberostar will not suffer undue prejudice due to the proposed third amended complaint. *Id.* The Court has briefly mentioned the complexity of this matter above. It further observes that a significant portion of the delay in this matter is of Iberostar's own making: Iberostar sought the initial stay, and Iberostar has not exactly made the Plaintiffs' (or the Court's) understanding of its corporate structures easier through its filings to date. That Iberostar will have to re-brief its motion to dismiss in this matter is not sufficient reason to deny leave to amend, especially where it, and Marcaribe, should have been aware of the possibility of claims being asserted against Marcaribe since the inception of this case. *See Solu-Med, Inc. v. Youngblood Skin Care Prods., LLC*, No. 19-60487-CIV, 2020 WL 3487881, at *2 (S.D. Fla. June 4, 2020) (Altman, J.) (finding lack of undue prejudice in granting leave to amend where the parties disputed notice of proposed amended affirmative defenses).

Fourth, and finally, the Court cannot say that the proposed amended complaint is clearly insufficient or frivolous, so it does not find it to be futile. *Van Cleve v. Ross*, No. 20-23611-CIV, 2020 WL 13413755, at *1 (S.D. Fla. Dec. 28, 2020) (Scola, J.) ("Leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face.") (cleaned up). The Plaintiffs' proposed third amended complaint is extensive in its factual pleadings, both in support of the claims and in support of personal jurisdiction. (ECF No. 88-2 ¶¶ 13-56, 111-120.) Any determination of the parties' arguments on the sufficiency of the pleadings or the viability of personal jurisdiction over Iberostar and Marcaribe should be saved for fulsome argument

on a motion to dismiss, at this point. The Court cannot say that the proposed third amended complaint is clearly insufficient or frivolous.

### 3. Conclusion

Therefore, the Court **grants** Plaintiffs' motion for leave to file a third amended complaint. (**ECF No. 88**.) The Plaintiffs shall file their amended complaint (ECF No. 88-2) as a separate docket entry no later than **July 14, 2023**. The Defendant shall file a response to the amended complaint no later than **August 4, 2023**.[1] Finally, the Defendant's motion to dismiss is **denied as moot**. (**ECF No. 90**.)

**Done and ordered** in Miami, Florida, on July 12, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] The Court reminds the parties of its requirements for general motion practice. Where there are multiple Plaintiffs or Defendants, the parties must file **joint motions and consolidated responses and replies** unless there are clear conflicts of position. If conflicts of position exist, the parties must explain the conflicts in their separate filings. If multiple Defendants have been served on different days, their deadlines to respond to the complaint will likely differ. Therefore, in order to file a joint motion to dismiss the complaint, for example, one or more Defendants may need an extension of time to respond to the complaint. To that end, those Defendants must confer with opposing counsel, as required by the Local Rules, and then seek relief from the Court regarding an appropriate extension. So long as the disparate service dates do not result in extensions that will unduly delay the proceedings, the Court will accommodate any request that facilitates the joint filing. If any Defendant has not yet been served by the time a responsive pleading is due, the parties must advise the Court as to whether further extensions may be warranted. Accordingly, should Iberostar and Marcaribe anticipate different deadlines to respond to the third amended complaint due to service of process on Marcaribe requiring a different response date, the Court **directs** Iberostar and Marcaribe to bring such an issue the Court's attention and request an appropriate joint response date.