UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20078-Civ-Scola/Sanchez

MARIA DOLORES CANTO MARTI, at al.,

    Plaintiffs,

v.

IBEROSTAR HOTELES Y APARTAMENTOS, S.L., &
MARCARIBE INTERNATIONAL-TURISMO S.L.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

    Defendants, Iberostar Hoteles y Apartamentos, S.L., and Marcaribe International-Turismo S.L. ("Defendants"), respectfully move to compel discovery against Plaintiffs, Maria Dolores Canto Marti, Fernando Jose Ignacio Canto Marti, Javier Enrique Canto Marti, Graciela Maria Canto Marti, Roberto Jose Canto Marti, Enrique Canto Marti, Bernard J. Zumpano, Joseph I. Zumpano, Daniel E. Zumpano, Carlos A. Zumpano, and Roseanne M. Bradford ("Plaintiffs"),[1] pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 26.1(g).

### I. INTRODUCTION

    On March 26, 2024, Defendants served their first round of merits discovery requests on Plaintiffs, inclusive of Defendants' First Request for Production to Plaintiffs, attached as <u>Exhibit A</u>, and First Set of Interrogatories to each Plaintiff, attached as <u>Composite Exhibit B</u>.[2] On May 9, 2024, Plaintiffs served their Objections and Responses to Defendants' First Request for Production, each Plaintiff's (except the Waiving Plaintiffs) Answers and Objections to Defendants' First Set of Interrogatories, and the Waiving Plaintiffs' Omnibus Objection to Defendants' First Set of Interrogatories. After the parties' attorneys conferred on June 5 and 10, 2024, regarding Plaintiffs' objections and insufficient responses, Plaintiffs

---

[1] Bernard J. Zumpano, Joseph I. Zumpano, Daniel E. Zumpano, Carlos A. Zumpano, and Roseanne M. Bradford will also be referred to as the "Waiving Plaintiffs."

[2] For ease of reference, Defendants attach their First Set of Interrogatories addressed to Fernando Jose Ignacio Canto Marti and Bernard J. Zumpano as representative examples of the interrogatories issued to Plaintiffs.

served their Revised Objections and Responses to Defendants' Revised First Request for Production, Plaintiff Fernando Jose Ignacio Canto Marti's Revised Answers and Objections to Defendants' Revised First Set of Interrogatories, and an updated Omnibus Objection of Waiving Plaintiffs on June 11, 2024, attached as Exhibits C, D, and E, respectively.[3]

To prevail in this action, Plaintiffs must establish, among other elements, that they are U.S. nationals who own a claim to the property and that such property was confiscated by the Cuban Government within the meaning of the Helms-Burton Act (or "Act"). Plaintiffs are pursuing a claim based on the status of property in Cuba and what happened to that property more than 70 years ago. They provide no documentary support for their claim and are now objecting to providing discovery. Specifically, Plaintiffs fail to provide documents and answers in response to Defendants' discovery requests relevant and important to three elements of Plaintiffs' claim under Title III of the Act. First, Defendants are requesting information regarding Plaintiffs' ownership of the Subject Property (*e.g.,* Interrogatory Nos. 2, 12-13), which is required to show liability for trafficking. *See* 69A U.S.C. § 6082(a)(1)(A) ("any person that … traffics in property which was confiscated by the Cuban Government … shall be liable to any United States national *who owns the claim to such property*") (emphasis added). Second, Defendants are requesting information regarding the alleged confiscation of the Subject Property (*e.g.,* Requests for Production Nos. 25-26, Interrogatory Nos. 6-7), which is significant because the Act only makes its defined "confiscation" actionable. *See* 69A U.S.C. § 6023(4). Third, Defendants seek information related to the Act's requirement that the defendant "knowingly and intentionally" engaged in trafficking (*e.g.,* Interrogatory No. 4). *See* 69A U.S.C. § 6023(13). The need for this information is further reinforced by the existence of *Mi Vida*, a book written by Enrique Canto Bory, Plaintiffs' uncle. Passages of this book show that Plaintiffs' ancestors never owned or managed the Imperial Hotel; that the family had strong ties to the Cuban Revolution and were compensated for other property taken by the Cuban Government; and that Enrique Canto Bory—who had worked for the Cuban Revolution—was arrested on the same day that La Francia store was allegedly seized. These facts contradict Plaintiffs' narrative that they own a claim to the Subject Property, and that the Subject Property was allegedly confiscated within the meaning of the Act, necessitating the discovery requested.

II.     **ARGUMENT**

---

[3] The Revised Objections and Responses to Defendants' Revised First Request for Production reflect the revised discovery requests that Defendants agreed to limit following the conferrals with opposing counsel.

A. <u>Plaintiffs should be compelled to produce documents or, otherwise, to state that no responsive documents are being withheld for Requests for Production Nos. 25, 26, 30, and 42-44</u>.

Plaintiffs object to Requests for Production Nos. 42-44 on the bases of relevance, privilege, and that these requests are a "fishing expedition." *See* Exhibit C. An objection on the basis of relevance strains credulity as Defendants are seeking documents and communications regarding the allegations in the Third Amended Complaint. More specifically, these communications are relevant to the elements described above—namely, ownership of the Subject Property and information regarding the alleged confiscation, which are all eminently relevant under the statute. *See* 69A U.S.C. §§ 6023(4), 6082(a)(1)(A). Federal Rule 26(b)(1) provides in pertinent part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and, what's more, "the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011). Plaintiffs have done neither here.

For the same reasons, it cannot be said that documents and communications exchanged between Plaintiffs and relevant family members regarding allegations that Plaintiffs have put at-issue amount to a fishing expedition.

Lastly, the Discovery Procedures for Magistrate Judge Sanchez ("Procedures") state:

> Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. S.D. Fla. L.R. 26.1(e)(2)(B) … If a party raises a general objection of privilege without attaching a proper privilege log, the objection of privilege may be deemed waived.

*See* Procedures at D. Plaintiffs have run afoul of the Local Rules and the Procedures by making generalized objections that these documents are work-product without providing more information and a privileged log. Further, Plaintiffs have failed to meet their burden to show the doctrine applies to a particular item sought in discovery. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013).

Next, Plaintiffs object to Requests for Production Nos. 25-26 and 30 on the basis of relevance because these requests seek information regarding other properties and travel to Cuba. However, all of these requests are relevant to the circumstances surrounding the alleged confiscation. *See* 69A U.S.C. § 6023(4) (definition of "confiscated"). As explained in the introduction, Plaintiffs' family members

received compensation from the Cuban Government for other property, *see* Mi Vida, p. 380, and the context for these other seizures and compensation could reveal information about the Subject Property's alleged confiscation and others who may have had an interest in the Subject Property. Similarly, the family's travel to Cuba could also help to identify individuals with relevant information. Defendants are seeking this information because, as evidenced by the responses in Exhibits C and D, Plaintiffs provide hardly any information regarding the alleged seizure and the underlying basis for the seizure. And ultimately, there is a presumption in favor of broad disclosure in discovery. *See Scott,* 277 F.R.D. at 477; *see also Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695-696 (S.D. Fla. 2007) ("Discovery should ordinarily be allowed unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action.").

For all of these reasons, Plaintiffs should be compelled to produce responsive documents for Requests for Production Nos. 25, 26, 30, and 42-44. Additionally, for these requests, Plaintiffs have not stated whether any responsive materials are being withheld on the basis of those objections, as required by Federal Rule 34(b)(2)(C) and the Procedures, and should be ordered to do so.

B. <u>Plaintiffs should be compelled to provide better answers to Interrogatory Nos. 2, 4, 6-7, and 11-13.</u>

Plaintiffs should be compelled to provide better answers to Interrogatory Nos. 2, 12, and 13. The answers to Interrogatory Nos. 2, 12, and 13 merely repeat the allegations in the Third Amended Complaint. *See* (D.E. 98) at ¶ 59 ("Fernando Canto Granda and Dolores Bory Trillas (i.e., Fernando Canto Granda's wife) both died intestate in Cuba on October 21, 1941 and December 3, 1970, respectively…"), ¶ 60 ("Dolores Canto Bory subsequently died intestate in Cuba on May 22, 1971, unmarried and with no descendants…"), ¶ 61 ("Enrique Canto Bory subsequently died intestate in Puerto Rico on January 2, 1982, unmarried and with no descendants…"), ¶ 62 ("In 1961, with the adoption of a series of Cuban laws published in the Cuban Official Gazette, the communist Cuban Government nationalized, expropriated, and seized ownership and control of the Subject Property…"). This is improper, *see, e.g., Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 120 (N.D. Ga. 1972) ("Defendant is correct in stating that incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory."), and Plaintiffs should be required to provide more substantial answers.

Plaintiffs should be compelled to answer Interrogatory Nos. 4, 6-7, and 11. For these interrogatories, Plaintiffs object chiefly on the basis of relevance. However, Interrogatory No. 4 is relevant to Defendants' alleged knowledge of the trafficking, as required by the Act. Interrogatory Nos. 6 and 7

4

are relevant to the alleged confiscation, which is an element of this statutory claim. Plaintiffs also object to Interrogatory Nos. 6 and 7 because they lack knowledge or information, but "[i]f the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should *set forth in detail the efforts made to obtain the information*." *Jones v. Jones*, 2019 WL 10375475, at *1 (M.D. Fla. Aug. 14, 2019) (emphasis added). Here, Plaintiffs have not provided any detail regarding their efforts to obtain this information. Further, "[t]he answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." *Essex Builders Grp., Inc. v. Amerisure Ins. Co*., 230 F.R.D. 682, 685 (M.D. Fla. 2005). Thus, if Plaintiffs have access to this information regarding the alleged confiscation (which they should in order to prove their claim), they must answer the interrogatories accordingly. Lastly, Interrogatory No. 11 is relevant to facts surrounding ownership of the Subject Property, possible debts and obligations incurred, entities associated with the Subject Property and the alleged confiscation of the Subject Property. Identification of persons and entities that operated and maintained the Subject Property may help establish the true extent of Plaintiffs' ownership interest, if any.

 C. <u>The Waiving Plaintiffs should be compelled to answer the First Set of Interrogatories.</u>

 The Waiving Plaintiffs in their Omnibus Objection (*see* Exhibit E) object specifically to Defendants' First Set of Interrogatories, claiming they should not be required to respond because they have waived their claims. However, this Court ordered that the Waiving Plaintiffs be joined to this action as indispensable parties and ruled that they were required parties under Rule 19(a)(1)(B). *See* (D.E. 86) at 1, 4. Further, the Waiving Plaintiffs did *not* object to Defendants' First Request for Production and, in fact, are specifically included in the definition of "Plaintiffs" in their Revised Objections and Responses to same. In other words, the Waiving Plaintiffs respond and object to the First Request for Production along with the "Plaintiff Heirs," underscoring that they are named plaintiffs in and parties to this proceeding, and it is improper for the Waiving Plaintiffs to choose at will when they will participate in this lawsuit. Additionally, in their Omnibus Objection, the Waiving Plaintiffs indicate that they "have nothing to add" and "are not a repository of the required information," but these are not valid objections. If the Waiving Plaintiffs have no knowledge, they should say so in their answers under oath.

**III. CONCLUSION**

 Defendants request that the Court enter an order: compelling Plaintiffs, including the Waiving Plaintiffs, to produce documents responsive to Request Nos. 25, 26, 30, and 42-44 or, otherwise, to state whether responsive documents are being withheld and answer or provide better answers to Interrogatory

Nos. 2, 4, 6-7, and 11-13; awarding Defendants their attorneys' fees and costs for bringing this motion; and for such other relief as the Court deems appropriate.[4] Additionally, Defendants request that the Court enter an order overruling the Waiving Plaintiffs' Omnibus Objection and compelling them to answer the First Set of Interrogatories.

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule 37(a)(1) and Local Rule 7.1(a)(3), counsel for Defendants conferred in good faith with Plaintiffs' counsel twice by telephone on June 5 and 10, 2024, about the discovery issues raised in this motion (and others not included herein). Various discovery issues were resolved on or after those calls, but the parties' counsel were unable to resolve the issues included in this motion.

Dated: June 13, 2024

Respectfully Submitted,

*Counsel for Defendants*

HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
Email: adolfo.jimenez@hklaw.com
Email: katharine.menendez@hklaw.com
Email: nicole.alvarez@hklaw.com

By: */s/ Nicole S. Alvarez*
    Adolfo E. Jiménez
    Fla. Bar No. 869295
    Katharine Menéndez de la Cuesta
    Fla. Bar No. 125133
    Nicole S. Alvarez
    Fla. Bar No. 1026071

---

[4] Defendants obtained a seven-day unfiled, written stipulation to extend the deadline to file this motion on May 24, 2024, as allowed under Local Rule 26.1(g)(2)(C).