United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Dolores Canto Marti, and others, Plaintiffs, | ) ) ) |
| v. | ) ) ) Civil Action No. 20-20078-Civ-Scola |
| Iberostar Hoteles y Apartamentos S.L., and Marcaribe International-Turismo S.L., Defendants. | ) ) ) ) |

### Order Granting Leave to File Fourth Amended Complaint

This matter is before the Court on the Plaintiffs' motion for leave to file a fourth amended complaint. (Mot., ECF No. 158.) Defendants Iberostar Hoteles y Apartamentos S.L. and and Marcaribe International-Turismo S.L. have responded (Resp., ECF No. 160), and the Plaintiffs have replied. (ECF No. 161.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Plaintiffs' motion for leave to file a fourth amended complaint. (**ECF No. 158**.)

1. **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint more than twenty-one days after the defendant has served a responsive pleading or a motion to dismiss may do so only with the other party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Leave shall be freely given when justice so requires. *Id.* Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's motion to amend should be granted.

"The decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). However, "[t]his policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). A substantial reason to deny petitioner's motion for leave to amend exists if the amended pleading includes "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by

amendments previously allowed, and undue prejudice to the opposing party." *Espey*, 734 F.2d at 750.

### 2. Analysis

As the Court has previously stated, "[t]his is an incredibly complicated case involving a large number of Plaintiffs, multiple international corporate entities, and complex and (relatively) novel issues of law." (ECF No. 97 at 3.) On April 4, 2024, the Court issued a scheduling order to account for jurisdictional discovery, and the order specifically contemplated the possibility that the Plaintiffs would file a motion for leave to file a fourth amended complaint upon completion of jurisdictional discovery.

Now, jurisdictional discovery has concluded, and the Plaintiffs seek leave to file a fourth amended complaint to include the fruits of that discovery and to streamline their theory of personal jurisdiction. (*See* Mot. at 4.) The Defendants oppose the motion, arguing that amending the complaint for the fourth time would be futile because even if the Plaintiffs amend the complaint, the case will still be dismissed "on multiple grounds," most prominently personal jurisdiction. (Resp. at 3.) The Defendants claim that jurisdictional discovery has revealed such a lack of connection between the United States and either Iberostar Spain or Marcaribe that the Plaintiffs' proposed amendments plainly will not prevent the dismissal of the case.

However, "leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v. M & M Management Company*, No. 15-80142-CIV, 2023 WL 4889656, at *1 (S.D. Fla. May 12, 2015) (Marra, J.) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). The Defendants overstate the weakness of the Plaintiffs' jurisdictional discovery findings. Through jurisdictional discovery, the Plaintiffs have identified 485 U.S. residents (and 17 Florida residents) that stayed at the Iberostar Imperial Hotel during the time period relevant to this action.

Although the Defendants offer arguments as to why the Court still lacks personal jurisdiction despite these numbers, they are better considered on a motion to dismiss. As the Court has previously stated when granting leave to amend in this case, "[a]ny determination of the parties' arguments on the sufficiency of the pleadings or the viability of personal jurisdiction over Iberostar and Marcaribe should be saved for fulsome argument on a motion to dismiss, at this point." (ECF No. 97 at 3-4.) The in-depth argumentation in the instant briefing regarding the sufficiency of the Plaintiffs' jurisdictional allegations further demonstrates that these are complex and debatable issues that are not facially frivolous. (*See* Resp. at 3-7; Reply at 5-10.)

Alternatively, the Defendant argues that granting the Plaintiffs' motion for leave to amend would unduly prejudice the Defendants. (Defs.' Resp. at 7.) "Undue prejudice to the nonmoving party is the most important factor for the court to consider in determining whether to grant leave to amend the pleadings." *Randall A. v. CitiMortgage, Inc.*, No. 13-4094, 2016 U.S. Dist. LEXIS 10205, at *7 (D. Kan. Jan. 28, 2016). Undue prejudice exists if the amendments create "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant." *Id.* However, the Plaintiffs' proposed amendments to the third amended complaint do not reflect substantial changes in their theory of the case or their tactics. The Defendants argue that an additional amendment would cause undue prejudice because Iberostar Spain has already filed four motions to dismiss, but refining previously filed motions in order to account for the new facts uncovered in jurisdictional discovery hardly constitutes undue prejudice. The Defendants have therefore failed to establish that a substantial reason exists to deny the Plaintiffs' motion for leave to further amend the complaint.

### 3. Conclusion

Therefore, the Court **grants** Plaintiffs' motion for leave to file a fourth amended complaint. (**ECF No. 158**.) The Plaintiffs shall file their amended complaint as a separate docket entry no later than **August 1, 2024**. The Defendants shall file a response to the amended complaint no later than **August 15, 2024**. Finally, the Defendants' motion to dismiss is **denied as moot**. (**ECF No. 116**.)

**Done and ordered** in Miami, Florida, on July 30, 2024.

_____
Robert N. Scola, Jr.
United States District Judge