United States District Court<br>for the<br>Southern District of Florida

| | |
|---|---|
| Maria Dolores Canto Marti, et al., Plaintiffs, | ) ) ) |
| v. | ) ) ) Civil Action No. 20-20078-Civ-Scola |
| Iberostar Hoteles y Apartamentos S.L., and Marcaribe International-Turismo S.L., Defendants. | ) ) ) |

### Order On Plaintiffs' Motion for Alternative Service of Process

This matter is before the Court on the Plaintiffs' motion for alternative service of process pursuant to Federal Rule of Civil Procedure 4(f)(3). For the reasons that follow, the Plaintiffs' motion (**ECF No. 185**) is **granted.**

On October 8, 2024, the Court dismissed the Plaintiffs' Fourth Amended Complaint against Iberostar Spain for improper service of process under Fed. R. Civ. P. 4(f). (Order, ECF No. 172, at 6.) As relevant to this motion, Spain's Central Authority objected to service under the means listed in the Hague Convention. The Court did explain, however, that "other avenues of service remain open to the Plaintiffs," through Fed. R. Civ. P. 4(f)(2) or (3). (*Id.* at 5.) The Plaintiffs now seek to serve Iberostar Spain via email to its general counsel, Alberto Llompart, at alberto.llompart@grupoiberostar.com, or alternatively via email to its counsels of record.

Under Rule 4(f)(3), a court may "order alternative means of service where a signatory nation [to the Hague Convention] has not expressly objected to those means." *Hind v. FxWinning Ltd.*, 2024 WL 2801521, Civil Action No. 23-23139-Civ-Scola, 2024 WL 2801521, at *8 (citation omitted). Such alternative means of service may include e-mail. *Id.* (citation omitted).  "All that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that is reasonably calculated to provide the defendants notice and an opportunity to defend." *Id.* (cleaned up). Importantly, Rule 4(f)(3) "stands on equal footing" with Rule (f)(1). *Id.* (citation omitted).

Here, the Plaintiffs seek to serve notice via email to Iberostar's general counsel, Alberto Llompart. (Pl.'s Mot., at 9.) Mr. Llompart has served as Iberostar's corporate representative in this case and has failed multiple declarations during the pendency of this litigation. (*Id.*) Alternatively, the Plaintiffs seek to serve the lawsuit on Iberostar's counsel of record. (*Id.*)

The proposed service comports with constitutional due process, which ensures that a defendant is provided with notice and "the opportunity to defend" the lawsuit." *Hind*, 2024 WL 2801521, at *8. Given Mr. Llompart's involvement in the lawsuit—as well as Iberostar's counsel—the Court has no doubt that Iberostar has proper notice of the lawsuit. And if it does not, service via e-mail is "reasonably calculated to provide [Iberostar] notice and an opportunity to defend." *Id.* Courts have routinely held that service via e-mail comports with constitutional due process. *See, e.g., Hind v. FxWinning Ltd.*, 2023 WL 9183691, at *1-2 (allowing service of process through e-mail); *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1018 (11th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process.").

Therefore, the Plaintiffs may serve the summonses and operative complaint by the methods identified in their motion. The Plaintiffs shall file the e-mail delivery confirmations with the Court.

**Done and ordered** in Miami, Florida, on November 8, 2024.

_____
Robert N. Scola, Jr.
United States District Judge